STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO: CV-08-586

OCEAN RIDGE CONDOMINIUM
ASSOCIATION,

Plaintiff,

v. **ORDER**

PAULA WALLEM

and

MARK McCLURE

Defendants

This case comes before the Court on the issue of damages, which was argued by both parties at a motion hearing held in Portland Superior Court on March 27, 2009.

## BACKGROUND

On October 15, 2008, Plaintiff Ocean Ridge Condominium Association (Hereafter "Ocean Ridge" or "the Association") filed a complaint alleging that the Defendants had failed to pay Ocean Ridge mandatory condominium fees and service charges on two properties they owned within the Association. To resolve a discovery dispute between the parties, on January 9, 2009, this Court ordered the Defendants to produce certain documents requested by Ocean Ridge by January 23, 2009. The Defendants failed to produce the documents as required by the January 9, 2009 Order, and thus, this Court entered judgment against each Defendant and scheduled a hearing solely for the purpose of determining damages.

The damages hearing was held on March 27, 2009. There, Ocean Ridge, without objection, entered into evidence two spreadsheets outlining the amounts allegedly owed by the Defendants on their two condominium units. One spreadsheet reflects that the Defendants owe a total of $9,616.01 on Unit No. 34. Ocean Ridge arrived at this amount by adding the amount owed in condominium fees ($7,338.77), to the amount owed in late fees ($3,075.00), and the amount owed for "Fine/Legal,"($4,577.24)[1], and then subtracting the amount already paid to Ocean Ridge by the Defendants ($5,375.00).

The second spreadsheet reflects that the Defendants owe a total of $11,316.96 on Unit No. 40. Ocean Ridge arrived at this amount by adding the amount owed in condominium fees ($7,758.34), to the amount owed in late fees ($3,575.00), and the amount owed for "Fine/Legal", ($3,991.96)[2], and then subtracting the amount already paid to Ocean Ridge by the Defendants ($4,008.34). Adding these two unit totals together, Ocean Ridge alleges that Defendants owe a total $20,932.97 for both units.[3]

Further, on May 19, 2009, the Association informed the Court that, between the time of the damages hearing and the date of the letter, the amount of money in which the Defendants owed the Association was continuing to mount. Namely, the Association informed the Court that the condominium fees accrued during this period amounts to $1000.00 and the amount of late fees accrued during this period amounts to $1,450.00. Adding this to the total amount already

---

[1] Of this amount, the Association attributes 2,505.74 to legal fees.
[2] Of this amount, the Association attributes 2,505.74 to legal fees.
[3] This amount does not reflect the legal fees for March 2009. An affidavit from Ocean Ridge's counsel, Kim Anderson True, reflects that in March 2009, Ocean Ridge was billed an additional $838.47 in attorney's fees and costs for 4.3 hours of work done in connection with this matter.

calculated by the Association as being owed at the time of the damages hearing, they allege that the Defendants currently owe $23,382.97 for both units.

DISCUSSION

The parties do not dispute the amounts owed by the Defendants for condominium, service, and late fees. However, the parties are in dispute over whether the figures included in the spreadsheet accurately reflect reasonable attorney fees.

Under the bylaws of the Ocean Ridge Condominium Association, "[e]very Unit owner shall pay to the Association promptly on demand all costs and expenses, including reasonable attorney fees and expenses incurred by or on behalf of the Association, in collecting any delinquent assessment, Service Charges or fees due from such Unit." Exhibit 1 to the Complaint. In order to determine if attorney fees are reasonable, the party seeking attorney fees must, "at the very least, introduce: (1) an affidavit attesting to the fee arrangement between the counsel and client; (2) the counsel's customary hourly rate; and (3) other basic facts necessary to allow the court to make a determination as to what constituted reasonable fees." *Nadeau v. Nadeau*, 2008 ME 147, ¶ 59, 957 A.2d 108, 123 (quoting *Miele v. Miele*, 2003 ME 113, ¶17, 832 A.2d 760, 765). Normally, this entails an affidavit "detailing the services performed and the hours expended during the representation." *Id.* at ¶¶ 17-18, 832 A.2d at 765.

Here, while Ocean Ridge submitted two spreadsheets outlining the total amounts owed by Defendants, on the issue of attorney fees, these spreadsheets merely contain general legal fee figures. The spreadsheet does not include any information about the fee arrangements between Ocean Ridge and its attorneys or the attorney's hourly rate. Further, the spreadsheet is completely devoid of

3

any breakdown of how many hours the attorney committed to this case or what work was done during those billable hours. While Attorney True's affidavit concerning legal fees for the month of March 2009 includes how many hours were spent working on this case during that month, it fails to go into detail about the actual work that occurred during these hours, the hourly rate charged, or the fee arrangement between her firm and Ocean Ridge.

As such, because Ocean Ridge failed to provide more detailed information concerning the attorney fees charged, it is impossible for this Court to determine whether the total attorneys fees sought by Ocean Ridge are reasonable. As the information provided by the Association makes it impossible to make such a determination, this Court cannot order the Defendants to pay to the Association the amount allegedly owed for reasonable attorney fees.

Taking into account the addition fees, fines, and penalties that accrued between April 15, 2009 and May 15, 2009, the Association alleges that the Defendants owe a total of $23,382.97.[4] However, based on the Association's failure to meet its burden in demonstrating that the attorney fees were reasonable, the amount alleged for reasonable attorney fees, $2505.74 for Unit 34 and $2505.74 for Unit 40, must be subtracted from this figure. Therefore, the total amount of money owed to the Association by the Defendants for condominium fees, late fees, and fines amounts to $18,371.49.

---

[4] This Court did not add to this total amount the legal fees billed to the Association for the work done in March 2009 because Attorney True's affidavit relating to legal fees in March 2009 is insufficient to prove reasonable attorney fees.

**Therefore, it is hereby ORDERED** that the Defendants pay the Association a total of $18,371.49.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a)

DATED:     May 28, 2009

_____
Roland A. Cole, Justice

5

F COURTS
and County
Box 287
ine 04112-0287

KIM ANDERSON TRUE ESQ
4 MILK STREET SUITE 103
PORTLAND ME 04101

*Pl.*

OF COURTS
erland County
. Box 287
laine 04112-0287



*Defendant*

PAULA WALLEM AND MARK MCCLURE
145 RIDGE ROAD UNIT 40
PORTLAND ME 04103

